Col. Sanford D. MANGOLD, USAF and Karen W. Mangold, Plaintiffs,

v.

The ANSER CORPORATION, Dr. John Fabian, Paul A. Adler, and United States of America, Defendants.

Civ. A. No. 93–1635–A.

United States District Court, E.D. Virginia, Alexandria Division.

Feb. 1, 1994.

Darrell M. Allen, Fairfax, VA, for plaintiffs.

Thomas R. Bagby, Epstein, Becker & Green, Washington, DC, for defendant Anser.

Richard Parker, Asst. U.S. Atty., for U.S.

## MEMORANDUM OPINION AND ORDER

BRINKEMA, District Judge.

Plaintiffs originally filed their Motion for Judgment in Arlington County Circuit Court for the Commonwealth of Virginia. In that seven-count Complaint, plaintiffs allege defamation (counts I and II), civil conspiracy to damage plaintiff Col. Mangold's career (count III), tortious interference with an employment contract (count IV), intentional infliction of emotional distress (counts V and VI), and an encompassing allegation that all conduct alleged in Counts I through VI was done wilfully, wantonly, and maliciously (Count VII). Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100–694, 102 Stat. 4563 (1988) the United States was substituted for one of the named defendants and the action was removed to federal court pursuant to Title 28 U.S.C. § 2679 and § 1446. The United States filed a Motion to Dismiss or in the Alternative for Summary Judgment and defendants Analytic Services, Inc. ("AN-SER"), Fabian, and Adler filed a Motion for Summary Judgment.

At the hearing of these motions, plaintiffs' counsel advised the Court that defendant United States was dismissed from this action. Without the federal defendant there is no longer any basis for federal jurisdiction because diversity does not exist among the remaining parties. Defendants asked this Court to retain jurisdiction solely for the purpose of deciding whether defendants' actions are entitled to an absolute immunity because the allegedly defamatory statements were made within the context of an Air Force investigation.

Plaintiffs do not contest that the statements and actions in controversy in Counts I and II were made by defendants in response to official requests by the United States Air Force for information as part of an official Air Force investigation. It is also uncontested that defendant ANSER is a government contractor which provides technical support to the United States government pursuant to various contracts with several federal agencies, including the United States Air Force.

Defendants argue for absolute immunity as that doctrine was expressed by the Supreme Court in *Barr v. Mateo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) and by the Fourth Circuit in *Becker v. Philco Corp.,* 372 F.2d 771 (4th Cir.1967). In *Philco,* the court held that a government contractor was absolutely immune from liability for alleged defamation when the contractor reported a suspected security breach as required by the terms of its contract with the government. *Id.* at 776. In making its determination, the Fourth Circuit wrote that because of its contractual obligations, the contractor had "the attributes of a Federal agency" and "the company and such of its employees as were confidants were answerable for keeping the nation's secrets, as fully as if they were governed by the oath of a Federal official." *Id.,* 774. The privilege sought by the defendants is

> not a badge or emolument of exalted office, but an expression of a policy designed to aid in the effective functioning of the government. The complexities and magnitude of governmental activity have become so great that there must of necessity be a delegation and redelegation of authority as to many functions, and we cannot say that these functions become less important simply because they are exercised by officers of lower rank in the executive hierarchy.

*Mateo, op. cit.* 360 U.S. at 573, 79 S.Ct. at 1340. This immunity within the Executive branch of the federal government parallels immunities present in the Legislative and Judicial branches. The scope of the immunity may broaden to encompass the discretionary authority of government officials of policy-making rank. *Mateo,* at 575, 79 S.Ct. at 1341. However, the discretion of government contractors is limited by the explicit terms of their contracts with the government and any immunity asserted is derivative of that possessed by the contracting agency.

On the present record, this Court finds that there was no contractual provision between defendants ANSER, Fabian and Adler and the United States Air Force that required disclosure of information. Nor were defendants otherwise compelled to participate in any investigation. The fact that the

allegedly defamatory statements were made in the context of an agency investigation does not, by itself, clothe the statements with the absolute immunity contemplated in *Mateo* and its progeny. Therefore, the defendants are not entitled to absolute immunity on Counts I and II and their motion must be DENIED on these counts.

Defendants further contend that the statements in controversy were privileged as statements spoken during a judicial proceeding. This is privilege that exists in Virginia under the standard articulated in *Penick v. Ratcliffe*, 149 Va. 618, 140 S.E. 664 (1927) and *Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967). A determination of whether defendants have met this standard is better left to a Virginia tribunal.

For these reasons, it is hereby

ORDERED that this action be remanded to the Circuit Court of Arlington County in the Commonwealth of Virginia pursuant to 28 U.S.C. § 1447(c).